This action in mandamus is presently before this court for final consideration of respondent's motion to dismiss, filed on December 3, 2001. As the sole basis for his motion, respondent, Judge W. Wyatt McKay of the Trumbull County Court of Common Pleas, submits that the merits of this case are moot because he has performed the specific acts which relator, Michael Robinson, seeks to compel. For the following reasons, we conclude that the motion to dismiss is well taken.
In maintaining this action, relator has requested this court to issue an order which would require respondent to render a decision on two pleadings relator submitted in an underlying criminal proceeding. In his mandamus petition, relator asserted that, in July 2001, he filed the following two pleadings in the criminal case: (1) a petition in which he moved respondent to take notice of a plain error which allegedly occurred during the trial proceedings in August 1996; and (2) a petition for the issuance of a preliminary injunction. Relator further asserted that, as of November 2001, respondent had failed to consider the two petitions and render an appropriate judgment.
In now moving to dismiss relator's petition, respondent argues that he has disposed of all pleadings pending before him in the underlying case. In regard to the "plain error" petition, respondent asserts that he dismissed this petition in a judgment entry rendered on August 8, 2001. As to the petition for a preliminary injunction, he asserts that relator never filed such a pleading in the criminal case.
In support of the foregoing assertions, respondent has attached two documents to his motion to dismiss. The first document is a certified copy of the August 8, 2001 judgment entry in which respondent dismissed the "plain error" petition. The second document is a certified copy of the appearance docket in the underlying criminal case. A review of the latter document readily shows that a preliminary injunction petition was never filed in that case.
As a general proposition, an action in mandamus can be dismissed as moot when the respondent has already completed the specific act which is the subject of the relator's petition. State ex rel. Kirk v. Burcham
(1998), 82 Ohio St.3d 407. Moreover, in reviewing a motion to dismiss for mootness, a court can consider evidentiary materials which would be inappropriate in determining a Civ.R. 12(B)(6) motion to dismiss; i.e., the fact that an issue has become moot can be proven through extrinsic evidence outside the record. See State ex rel. Willis v. Pianka (Feb. 13, 2001), Cuyahoga App. No. 78788, unreported, 2001 Ohio App. LEXIS 581.
In the instant case, the documents attached to respondent's motion readily show that he has rendered a judgment concerning all matters which relator has filed for his consideration. Thus, since relator has failed to submit any evidentiary materials which would refute the foregoing, this action is subject to dismissal because respondent has performed the legal duties in question.
Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.