[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 407.]

THE STATE EX REL. KIRK ET AL., APPELLANTS, *v.* BURCHAM, CLERK OF COURTS, APPELLEE.

[Cite as *State ex rel. Kirk v. Burcham*, 1998-Ohio-224.]

*Mandamus to compel clerk of courts to journalize relator's divorce decree—Writ denied when act already performed.*

(No. 97-1354—Submitted May 26, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Lawrence County, No. 97 CA 1.

———————————

{¶ 1} In 1989, appellant Tracy Kirk ("Kirk") married Rodney Kirk ("Rodney"). They had two children. In 1996, Rodney filed a divorce complaint in the Lawrence County Court of Common Pleas. Appellant Ohio State Legal Services Association, d.b.a. Southeastern Ohio Legal Services ("SEOLS"), represented Kirk in the divorce case. SEOLS provides free legal representation in certain civil actions to low-income Lawrence County residents and other low-income persons who have civil actions in Lawrence County courts.

{¶ 2} On December 19, 1996, the common pleas court judge signed the divorce decree submitted by SEOLS on behalf of Kirk. Under the terms of the divorce decree, the common pleas court designated Kirk as the residential parent of the parties' minor children and ordered Rodney to pay $438 in monthly child support. Appellee, Lawrence County Court of Common Pleas Clerk Dale Burcham, refused to journalize the signed divorce decree because the parties had not paid court costs and there had been no court order concerning the indigency status of the parties, as required by Lawrence County Court of Common Pleas Loc.R. 4A, which provides:

"No final entry in a domestic relations proceeding shall be received for filing by the Clerk of Courts until the cost of the proceeding has been paid in full.

Persons claiming indigent status as a bar to pre-payment of costs shall be required to prove said status to the satisfaction of the court before the decree will be received for filing."

{¶ 3} On January 7, 1997, Kirk and SEOLS filed a complaint in the Court of Appeals for Lawrence County. They requested a writ of mandamus to compel Burcham to journalize final divorce decrees without requiring prepayment of court costs and to reimburse Kirk for all child support lost as a result of Burcham's failure to timely journalize the divorce decree. On January 10, 1997, three days after Kirk and SEOLS filed the complaint for a writ of mandamus, Burcham journalized the divorce decree because Kirk made arrangements to pay her share of the costs of the divorce proceeding and borrowed $72 from her mother to pay Rodney's share. On January 29, Kirk received her first weekly child support payment, in the amount of $103.10.

{¶ 4} The court of appeals thereafter denied the writ because journalization of the divorce decree rendered it moot, SEOLS lacked standing, and SEOLS improperly requested either declaratory or prospective relief. The court of appeals also ordered SEOLS to pay the costs of the mandamus action.

{¶ 5} This cause is now before the court upon an appeal as of right.

————————————

*Southeastern Ohio Legal Services Program*, *Ruth Heintz* and *Mark J. Cardosi*, for appellants.

*Lambert & McWhorter* and *Randall L. Lambert*, for appellee.

————————————

**Per Curiam.**

{¶ 6} Appellants assert in their propositions of law that the court of appeals erred by denying the writ of mandamus. They initially contend that the court of appeals erred in holding that the case was moot.

**{¶ 7}** But insofar as appellants sought a writ of mandamus to compel Burcham to journalize the divorce decree, the case was rendered moot by Burcham's January 10, 1997 journalization of the decree. A writ of mandamus will not issue to compel an act already performed. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 278, 279, 658 N.E.2d 723, 724.

**{¶ 8}** Despite appellants' contentions that their mandamus claim is not moot due to issues of Kirk's lost child support caused by Burcham's delay in journalizing the divorce decree and the court of appeals' assessment of costs against SEOLS, appellants now concede that this appeal was not filed based on these contentions.[1]

**{¶ 9}** Instead, appellants claim that their appeal was filed in order to challenge Burcham's continued adherence to Loc.R. 4A, which they assert is unconstitutional. See fn. 1. A writ of mandamus, however, will not issue if there is an adequate remedy in the ordinary course of law. *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.* (1997), 79 Ohio St.3d 216, 218, 680 N.E.2d 993, 995; R.C. 2731.05. Appellants have an adequate remedy in the ordinary course of law by declaratory judgment to challenge the constitutionality of Loc.R. 4A.

**{¶ 10}** In addition, the court of appeals also lacks jurisdiction in declaratory judgment, which appears to be appellants' true objective, *Wright v. Ghee* (1996),

---

1. In their reply brief, appellants state:

"Similarly, * * * appellants' merit brief pointed out that a live controversy remains because of Mr. Burcham's continued adherence to his policy of refusing to file and journalize decrees unless all court costs have been paid or a specific order of journalization is obtained under Local Rule 4(A). * * * The lower court's decision could not have indicated more clearly that appellee's legal duty is to file and journalize judgment entries on presentment to him, irrespective of whether all court costs have been paid. *Had appellee taken the opportunity graciously offered him by the Fourth District, this appeal would never have been filed.*" (Emphasis added.)

While appellants misconstrued the court of appeals' holding, which did not expressly address whether Burcham had a duty to journalize the divorce decree even if the requirements of Loc.R. 4A had not been satisfied, their argument indicates that no appeal would have been filed if Burcham had decided to ignore Loc.R. 4A in the future. Kirk also has or had an adequate legal remedy by motion in her divorce case to recover additional support.

74 Ohio St.3d 465, 466, 659 N.E.2d 1261, 1262, and a writ of mandamus will not issue to compel the general observance of laws in the future. *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 135, 684 N.E.2d 1222, 1223, fn. 1.

{¶ 11} Further, because of the availability of declaratory judgment to address the constitutionality of Loc.R. 4A, appellants' claim would not necessarily evade review. See *State ex rel. Bruni v. Leonard* (1997), 80 Ohio St.3d 475, 476, 687 N.E.2d 441, 442 (Appeal was rendered moot because issues were not capable of repetition yet evading review.).

{¶ 12} Based on the foregoing, the court of appeals properly denied the writ.[2] Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––

2. This conclusion moots appellants' claim that the court of appeals erred in holding that SEOLS lacked standing to seek the requested extraordinary relief in mandamus. Even if SEOLS had standing, it was not entitled to the writ to compel Burcham to journalize divorce decrees in the future because it had an adequate legal remedy by way of declaratory judgment.