THE STATE EX REL. JOHNSON, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Johnson v. Ohio Adult Parole
Auth.,* 104 Ohio St.3d 421, 2004-Ohio-6590.]

(No. 2004–1102—Submitted November 16, 2004—Decided December 15, 2004.)

## Per Curiam.

{¶ 1} In 1976, the Cuyahoga County Court of Common Pleas convicted appellant, John A. Johnson, of aggravated murder with death-penalty specifications, kidnapping, and rape. The common pleas court sentenced Johnson to death for the aggravated murder with specifications and further sentenced him to consecutive seven–to–25–year prison terms for his kidnapping and rape convictions. On appeal, the court of appeals affirmed. *State v. Johnson* (Jan. 30, 1978), Cuyahoga App. No. 36618, 1978 WL 217677.

{¶ 2} In 1978, we reversed Johnson's death sentence and reduced it to life imprisonment based on *Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973, and *Bell v. Ohio* (1978), 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010.

{¶ 3} In December 1995, appellee, the Ohio Adult Parole Authority ("APA"), conducted a hearing for Johnson. The APA used the parole guidelines in effect at the time of the hearing and continued Johnson's next parole hearing for 30 years—until December 2025—based on the brutal nature of the offenses committed by Johnson, his prior record, and his poor institutional adjustment.

{¶ 4} Effective April 1, 1998, the APA instituted new parole guidelines. The APA did not retroactively apply these guidelines to cases that had been previously heard. In December 2000, the APA initiated an extended continuance policy that limited continuances for parole hearing to ten years. The APA made that policy retroactive, a change that advanced Johnson's next parole-eligibility hearing to 2005 from 2025.

{¶ 5} In December 2002, we decided *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, and held at the syllabus that "[i]n any parole determination involving indeterminate sentencing, the Adult Parole Authority must assign an inmate the offense category score that corresponds to the offense or offenses of conviction." *Layne* involved three inmates whose parole hearings occurred after the 1998 guidelines became effective. Id.

{¶ 6} In May 2003, Johnson filed a petition in the Court of Appeals for Franklin County for a writ of mandamus to compel the APA to comply with *Layne* and the laws in effect when his sentence was imposed in 1978 and to cease its use of the 1998 guidelines against him. The APA moved for summary judgment. Johnson then moved for leave to conduct discovery and for an

extension of time to file a response to the summary judgment motion. Johnson subsequently filed his response.

{¶ 7} On May 26, 2004, the court of appeals granted the APA's motion and denied the writ.

{¶ 8} On appeal, Johnson asserts that the court of appeals erred in denying the requested writ of mandamus. Johnson claims that he is entitled to application of *Layne* and the parole guidelines in effect at his sentencing and that the 1998 guidelines cannot be applied to him.

{¶ 9} In order to be entitled to a writ of mandamus, Johnson must establish (1) that he has a clear legal right to the relief requested, (2) that the APA is under a clear legal duty to perform the requested acts, and (3) that he has no plain and adequate remedy in the ordinary course of law. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 6.

{¶ 10} Johnson established neither a clear legal right to the requested relief nor a corresponding clear legal duty on the part of the APA to provide it.

{¶ 11} As the court of appeals held, *Layne* is not applicable to Johnson, whose last parole hearing predated the 1998 parole guidelines at issue in that case. Johnson's sentence and his eligibility for parole in 1995 were based on guidelines in effect on that date. There is no evidence that the APA applied the 1998 guidelines to him in 1995.

{¶ 12} Moreover, insofar as Johnson asserts that the 1998 guidelines should not be applied against him at his upcoming parole hearing, his true objectives are a declaratory judgment (to declare the APA's use of these guidelines illegal) and a prohibitory injunction (to prevent the APA from applying these guidelines to him). Courts of appeals lack jurisdiction over these claims. *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 6.

{¶ 13} Furthermore, the application of the 1998 guidelines to Johnson at his upcoming parole hearing would not be an unconstitutional ex post facto imposition of punishment. *State ex rel. Bealler v. Ohio Adult Parole Auth.* (2001), 91 Ohio St.3d 36, 740 N.E.2d 1100.

{¶ 14} In addition, Johnson has an adequate remedy in the ordinary course of law to raise his *Layne* claims. The inmates in *Layne* pursued their relief through common pleas court actions for declaratory and injunctive relief. *Layne*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 7, 13, 18.

{¶ 15} Finally, contrary to Johnson's claims, there is no evidence that the court of appeals precluded him from obtaining discovery. And the court of appeals did not abuse its discretion in failing to extend the discovery period. Johnson's mandamus claim, which raised legal issues, still would have lacked merit.

{¶ 16} Based on the foregoing, Johnson established none of the requirements for the writ. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

John A. Johnson, pro se.

Jim Petro, Attorney General, and John H. Jones, Assistant Attorney General, for appellee.