THE STATE EX REL. UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLE-MENT WORKERS OF AMERICA, REGION 2–B, APPELLANT AND CROSS-APPELLEE, *v.* OHIO BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Bur. of Workers' Comp.,* 108 Ohio St.3d 432, 2006-Ohio-1327.]

(No. 2005–0526—Submitted November 29, 2005—Decided April 5, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal and cross-appeal from a judgment dismissing a complaint for a writ of mandamus to compel a state agency to follow the law expressed in two of this court's opinions.

{¶ 2} Under R.C. 4123.931(A), the payment of workers' compensation benefits "creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party." The "statutory subrogee" is "the administrator of workers' compensation, a self-insuring employer, or an employer that contracts for the direct payment of medical services." R.C. 4123.93(B).

{¶ 3} Former R.C. 4123.931(A) specified: "A statutory subrogee's subrogation interest includes * * * estimated future values of compensation and medical benefits arising out of an injury to or disability or disease of a claimant." See 1995 Am.Sub.H.B. No. 278, 146 Ohio Laws, Part II, 3596.

{¶ 4} Former R.C. 4123.931(D) further provided:

{¶ 5} "The entire amount of any settlement or compromise of an action or claim is subject to the subrogation right of a statutory subrogee, regardless of the manner in which the settlement or compromise is characterized. Any settlement or compromise that excludes the amount of compensation or medical benefits shall not preclude a statutory subrogee from enforcing its rights under this section. The entire amount of any award or judgment is presumed to represent compensation and medical benefits and future estimated values of compensation and medical benefits that are subject to a statutory subrogee's subrogation rights unless the claimant obtains a special verdict or jury interrogatories indicating that the award or judgment represents different types of damages." Id. at 3596–3597.

{¶ 6} In June 2001, in *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 135, 748 N.E.2d 1111, we held that former R.C. 4128.931 violated Sections 2, 16, and 19, Article I of the Ohio Constitution.

{¶ 7} More specifically, we held: "By giving the subrogee a current collectible interest in estimated future expenditures, [former] R.C. 4123.931(A) creates the conditions under which a prohibited taking may occur. This would happen in those situations where the amount of reimbursement for 'estimated future values of compensation and medical benefits' proves to be substantially greater than the

subrogee's eventual compensation outlay. In other words, [former] R.C. 4123.931(A) requires the claimant to reimburse the bureau or self-insuring employer for future benefits that the claimant may never receive. In that event, the statute operates not to prevent the claimant from keeping a double recovery but to provide the statutory subrogee with a windfall at the expense of the claimant's tort recovery." Id. at 123, 748 N.E.2d 1111.

{¶ 8} In addition, we held:

{¶ 9} "[Former] R.C. 4123.931(D) establishes a procedural framework under which an unconstitutional taking of the claimant's property or a denial of remedy by due course of law can occur. This framework distinguishes between third-party claims that are tried and third-party claims that are settled. In the case where an award or judgment is rendered in the third-party action, [former] R.C. 4123.931(D) allows the claimant to obtain jury interrogatories segregating damages that do not represent workers' compensation or medical benefits and, therefore, are not subject to the reimbursement right of the statutory subrogee. In contrast, the entire amount of any settlement or compromise is deemed subject to the reimbursement right of the statutory subrogee, and the claimant is precluded, under any circumstances, from showing that his or her settlement or portions thereof do not represent or duplicate workers' compensation or medical benefits.

{¶ 10} " * * * [Former] R.C. 4123.931(D) operates unconstitutionally * * * because it allows for reimbursement from proceeds that do not constitute a double recovery." Id., 92 Ohio St.3d at 125–126, 748 N.E.2d 1111; see, also, *Modzelewski v. Yellow Freight Sys., Inc.*, 102 Ohio St.3d 192, 2004-Ohio-2365, 808 N.E.2d 381, holding former R.C. 4123.93 unconstitutional.

{¶ 11} In *Holeton*, 92 Ohio St.3d at 135, 748 N.E.2d 1111, despite holding the statute unconstitutional, we expressly noted that workers' compensation subrogation statutes are not per se unconstitutional and that we were addressing only the specific provisions in former R.C. 4123.931:

{¶ 12} "We hold * * * that [former] R.C. 4123.931 does violate Sections 2, 16, and 19, Article I of the Ohio Constitution. In so holding, we do not accept the proposition that a workers' compensation subrogation statute is *per se* unconstitutional, and nothing in this opinion shall be construed to prevent the General Assembly from ever enacting such a statute. We hold only that [former] R.C. 4123.931, in its present form, is unconstitutional."

{¶ 13} We also recognized that "virtually every jurisdiction provides some statutory mechanism enabling the employer or fund to recover its workers' compensation outlay from a third-party tortfeasor." Id. at 120, 748 N.E.2d 1111.

{¶ 14} Following *Holeton,* the General Assembly enacted 2002 Sub.S.B. No. 227 ("S.B. 227"), which amended the subrogation provisions in R.C. 4123.93 and 4123.931, effective April 9, 2003.

{¶ 15} S.B. 227 repealed the former provisions in R.C. 4123.931(A) and (D) that we had found unconstitutional in *Holeton* and set forth a new settlement procedure in which a claimant would receive "an amount equal to the uncompensated damages divided by the sum of the subrogation interest plus the uncompensated damages, multiplied by the net amount recovered." R.C. 4123.931(B). The statutory subrogee would receive "an amount equal to the subrogation interest divided by the sum of the subrogation interest plus the uncompensated damages, multiplied by the net amount recovered." Id. The claimant and statutory subrogee can instead agree to divide the net amount recovered on a more fair and reasonable basis. Id.

{¶ 16} In addition, S.B. 227 permits claimants to "establish an interest-bearing trust account for the full amount of the subrogation interest that represents estimated future payments of compensation, medical benefits, rehabilitation costs, or death benefits, reduced to present value, from which the claimant shall make reimbursement payments to the statutory subrogee for the future payments of compensation, medical benefits, rehabilitation costs, or death benefits." R.C. 4123.931(E)(1).

{¶ 17} The manifest objective of the General Assembly in enacting S.B. 227 was to comply with our holding in *Holeton.* See, generally, Legislative Service Commission, Bill Analysis of 2002 S.B. 227.

{¶ 18} On April 14, 2003, five days after S.B. 227 became effective, appellant and cross-appellee, United Automobile, Aerospace & Agricultural Implement Workers of America, Region 2–B ("UAW"), filed a complaint in the Court of Appeals for Franklin County against the Ohio Bureau of Workers' Compensation and its administrator (collectively, "BWC"). UAW alleged that R.C. 4123.931 as amended by S.B. 227 contains provisions substantially identical to those in former R.C. 4123.931 found by the court to be unconstitutional in *Holeton.* UAW further alleged that R.C. 4123.93 and 4123.931, as amended by S.B. 227, are invalid under the court's holding in *Glaspell v. Ohio Edison Co.* (1987), 29 Ohio St.3d 44, 29 OBR 393, 505 N.E.2d 264.

{¶ 19} UAW requested a writ of mandamus to compel BWC to "follow the law as set forth" in the court's decisions in *Holeton* and *Glaspell.* UAW claimed that the BWC was bound to follow *Holeton* "notwithstanding the ill-fated attempt by the general assembly to act beyond their powers as conferred upon them by the constitution." UAW did not allege any specific claim by it or any of its members that they had been harmed by the enactment of the present versions of R.C. 4123.93 and 4123.931 in S.B. 227.

{¶ 20} BWC moved to dismiss UAW's complaint because, among other reasons, UAW lacked standing and the court of appeals did not have jurisdiction to grant declaratory and injunctive relief.

{¶ 21} In January 2004, a court of appeals magistrate recommended that the court either deny the writ or grant BWC's dismissal motion. The magistrate concluded that although UAW had the requisite standing, it had not established that BWC had refused to comply with *Holeton* or *Glaspell*. The magistrate further concluded that insofar as UAW sought a holding that S.B. 227 is unconstitutional based on *Holeton*, it had adequate remedies in the ordinary course of law.

{¶ 22} The parties filed objections to the magistrate's decision. BWC asked that the court adopt the magistrate's decision, "but clarify that UAW also lacks standing."

{¶ 23} In February 2005, the court of appeals overruled UAW's objections, held that BWC's objections were moot, and dismissed the complaint. The court of appeals determined that UAW's allegations indicated that the real objects sought were a declaratory judgment and a prohibitory injunction and that UAW had an adequate remedy in the ordinary course of the law through a common pleas court action for declaratory judgment. The court of appeals adopted the magistrate's findings and conclusions with the exception of those regarding UAW's standing to institute the mandamus action, which it held were moot.

{¶ 24} This cause is now before the court upon UAW's appeal and BWC's cross-appeal from the judgment of the court of appeals. UAW and BWC submitted briefs, and the Ohio Chamber of Commerce, the National Federation of Independent Business, the Ohio Manufacturers' Association, and the Ohio Self-Insurers Association filed an amicus curiae brief in support of BWC.

## Oral Argument

{¶ 25} The parties request oral argument pursuant to S.Ct.Prac.R. IX(2). Oral argument is not required in this appeal as of right. S.Ct.Prac.R. IX(1). Instead, in these appeals, the decision whether to conduct oral argument lies within our discretion. See S.Ct.Prac.R. IX(2)(A) ("In an original action, or in an appeal that is not scheduled for oral argument pursuant to Section 1 of this rule, the Supreme Court may order oral argument on the merits either *sua sponte* or in response to a request by any party").

{¶ 26} " 'Among the factors we consider in determining whether to grant oral argument in appeals in which oral argument is not required is whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue or a conflict between courts of appeals.' " *State ex*

*rel. U.S. Steel Corp. v. Zaleski,* 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 5, quoting *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311, 695 N.E.2d 751.

{¶ 27} UAW claims that the merit issues have statewide importance because they affect the administration of the workers' compensation system and BWC's disregard of the court's binding decision in *Holeton* threatens our supreme authority under the Ohio Constitution. BWC contends that this case is important because it gives us the opportunity to reexamine our application of standing and mandamus jurisdiction based upon *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

{¶ 28} Despite the parties' contentions, oral argument is not warranted here.

{¶ 29} First, although the underlying issue whether S.B. 227 is unconstitutional is an issue of importance concerning the subrogation provisions of the workers' compensation law, this issue need not be resolved in this case, because other grounds are dispositive.

{¶ 30} Second, the BWC did not disregard *Holeton.* That case addressed a previous version of R.C. 4123.931 that is not at issue here.

{¶ 31} Third, we need not use this case to reexamine and limit or overrule our holdings on standing and mandamus jurisdiction in *Ohio Academy* and its progeny. Those cases are distinguishable.

{¶ 32} Fourth, the parties' and amici briefs are sufficient to resolve the various legal issues raised, and there is no conflict between courts of appeals. See *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 19–20.

{¶ 33} Based on the foregoing, we deny the parties' requests for oral argument and proceed to a consideration of this appeal and cross-appeal.

## UAW Appeal: Compliance with *Holeton* and *Glaspell*

{¶ 34} UAW seeks a writ of mandamus to compel BWC to follow the court's holdings in *Holeton* and *Glaspell.* In order to be entitled to the writ, UAW must establish a clear legal right to the benefit of compliance with the holdings, a corresponding clear legal duty on the part of BWC to comply, and the lack of an adequate remedy in the ordinary course of the law. See, e.g., *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas,* 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 13.

{¶ 35} " 'Writs of mandamus and prohibition are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court.' " *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164, quoting *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888.

{¶ 36} This precedent is, however, inapplicable because UAW is not requesting a writ of mandamus to compel a *lower court* to comply with a mandate. It is instead seeking to compel the BWC to comply with holdings of prior cases.

{¶ 37} Moreover, as the court of appeals concluded, BWC has not disregarded the holdings of this court in *Holeton* and *Glaspell*. In *Holeton,* 92 Ohio St.3d at 135, 748 N.E.2d 1111, we expressly limited our holding to former R.C. 4123.931: "We hold only that [former] R.C. 4123.931, *in its present form,* is unconstitutional." (Emphasis added.) There is no evidence or allegation here that BWC continued applying the provisions of former R.C. 4123.931 after *Holeton.* And in *Glaspell,* a case in which neither UAW nor BWC was a party, the issue was the construction of contractual clauses limiting the liability of the drafter. Unlike *Glaspell,* this case does not involve any contractual issue.

{¶ 38} Finally, a " 'writ of mandamus will not issue to compel the general observance of laws in the future.' " *State ex rel. Leslie v. Ohio Hous. Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 49, quoting *State ex rel. Kirk v. Burcham* (1998), 82 Ohio St.3d 407, 409, 696 N.E.2d 582.

{¶ 39} Based on the foregoing, the court of appeals did not err in dismissing UAW's claims insofar as it sought extraordinary relief in mandamus to compel the BWC to comply with our holdings in *Holeton* and *Glaspell.*

## UAW Appeal: Constitutionality of S.B. 227

{¶ 40} UAW also claims that R.C. 4123.93 and 4123.931, as enacted by S.B. 227 following *Holeton,* are unconstitutional and that it is entitled to a writ of mandamus to compel the BWC to comply with *Holeton.*

{¶ 41} It is axiomatic that "if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704.

{¶ 42} Although the allegations of UAW's complaint are couched in terms of compelling affirmative duties, i.e., to "follow the law" in *Holeton* and *Glaspell,* the manifest objectives of relator's complaint are (1) a declaratory judgment that R.C. 4123.93 and 4123.931, as amended by S.B. 227, are unconstitutional under this court's holdings in *Holeton* and *Glaspell* and (2) a prohibitory injunction preventing the BWC from applying the amended statutory provisions. See, e.g., *State ex rel. Essig v. Blackwell,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 20–22; *State ex rel. Maloney v. Sherlock,* 100 Ohio St.3d 77, 2003-Ohio-5058, 796 N.E.2d 897, ¶ 53; *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012.

{¶ 43} Similarly, we lack jurisdiction to consider the merits of mandamus actions challenging the constitutionality of new legislative enactments because they constitute disguised actions for declaratory judgment and prohibitory injunction. *State ex rel. Satow v. Gausse–Milliken,* 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289 (mandamus action in effect seeking declaratory judgment that 2002 H.B. 329 was unconstitutional and a prohibitory injunction enjoining respondents from applying it); *Grendell,* 86 Ohio St.3d 629, 716 N.E.2d 704 (mandamus action in effect seeking declaratory judgment that 1999 Am.Sub.H.B. No. 283 was unconstitutional and a prohibitory injunction preventing respondents from acting pursuant to it); *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 640 N.E.2d 1136 (mandamus action in effect seeking declaration that 1994 Am.Sub.H.B. No. 20 was unconstitutional and prohibitory injunction to prevent respondent from filing the act). We have referred to this as "the general rule." See, e.g., *Grendell,* 86 Ohio St.3d at 634–635, 716 N.E.2d 704.

{¶ 44} Nevertheless, we have at times permitted mandamus actions to test the constitutionality of legislation. See, e.g., *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack* (1999), 86 Ohio St.3d 293, 297, 714 N.E.2d 917 ("We have recognized, however, that the constitutionality of a statute or ordinance may in certain circumstances be challenged by mandamus"); *State ex rel. Watson v. Hamilton Cty. Bd. of Elections* (2000), 88 Ohio St.3d 239, 242, 725 N.E.2d 255 ("It is appropriate to consider the merits of Watson's constitutional claim in this mandamus action because an action for a declaratory judgment and prohibitory injunction would not be sufficiently speedy in this expedited election case"). Notably, this case is not an expedited election matter.

{¶ 45} UAW claims that notwithstanding the general authority precluding a mandamus action to challenge the constitutionality of statutory provisions, mandamus is appropriate to contest the constitutionality of S.B. 227 based upon *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582; *State ex rel. Martin v. Connor* (1984), 9 Ohio St.3d 213, 9 OBR 523, 459 N.E.2d 889; *State ex rel. United Auto Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp.,* 95 Ohio St.3d 408, 2002-Ohio-2491, 768 N.E.2d 1129; *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062; and *State ex rel. Ohio AFL–CIO v. Ohio Bur. of Workers' Comp.,* 97 Ohio St.3d 504, 2002-Ohio-6717, 780 N.E.2d 981.

{¶ 46} UAW's contentions lack merit. In *Voinovich, Martin, United Auto,* and *Ohio AFL–CIO v. Ohio Bur. of Workers' Comp.,* we never expressly considered the general jurisdictional preclusion concerning mandamus actions that are actually disguised actions for declaratory judgment and prohibitory injunction, although dissenting opinions in *United Auto* and *Ohio AFL–CIO v. Ohio Bur. of Workers' Comp.* would have applied this general rule to dismiss the mandamus

actions. See *United Auto*, 95 Ohio St.3d 408, 2002-Ohio-2491, 768 N.E.2d 1129, ¶ 18–24 (Moyer, C.J., dissenting), and *Ohio AFL–CIO v. Ohio Bur. of Workers' Comp.*, 97 Ohio St.3d 504, 2002-Ohio-6717, 780 N.E.2d 981, ¶ 72 (Moyer, C.J., dissenting). As both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held, " 'when questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.' " *Grendell v. Ohio Supreme Court* (C.A.6, 2001), 252 F.3d 828, 837, quoting *Hagans v. Lavine* (1974), 415 U.S. 528, 535, 94 S.Ct. 1372, 39 L.Ed.2d 577, fn. 5. Consequently, these cases lack precedential effect. *Lewis v. Casey* (1996), 518 U.S. 343, 352, 116 S.Ct. 2174, 135 L.Ed.2d 606, fn. 2 ("we have repeatedly held that the existence of unaddressed jurisdictional defects has no precedential effect").

{¶ 47} Moreover, the mandamus actions in *United Auto* and *Martin* challenged administrative decisions instead of newly enacted legislation.

{¶ 48} Furthermore, in *Ohio Academy*, 86 Ohio St.3d at 511, 715 N.E.2d 1062, we emphasized that a denial of jurisdiction to consider a mandamus action challenging the constitutionality of a tort-reform act would be inappropriate given the General Assembly's expressed intent to disregard this court's precedent and given the magnitude and scope of the challenged legislation. More specifically, we noted the extremely limited scope of our jurisdictional holding that mandamus can be appropriate to contest the constitutionality of a legislative enactment notwithstanding the lack of any legal or special individual interest on the part of the relator:

{¶ 49} "We have expressed quite clearly in our preamble to this issue [at 467, 715 N.E.2d 1062] that this court will entertain a public action only *'in the rare and extraordinary case'* where the challenged statute operates, *'directly and broadly, to divest the courts of judicial power.'* (Emphasis added.) We will not entertain a public action [in mandamus] to review the constitutionality of a legislative enactment unless it is of a magnitude and scope comparable to that of Am.Sub.H.B. No. 350." Id. at 504, 715 N.E.2d 1062.

{¶ 50} Simply put, this case is not a *rare and extraordinary* case in which the challenged legislation operates *directly and broadly to divest courts of judicial power.* S.B. 227 does not "transform[ ] the civil justice system" as did Am.Sub. H.B. No. 350, which was at issue in *Ohio Academy*. Id., 86 Ohio St.3d at 455, 715 N.E.2d 1062. And unlike 1996 Am.Sub.H.B. No. 350, there is no indication from the legislative history or text of S.B. 227 that the General Assembly intended to ignore or disregard our precedent, e.g., *Holeton*. Cf. *Ohio Academy* at 460–461, 715 N.E.2d 1062, fn. 7, with the Legislative Service Commission Bill Analysis of 2002 S.B. 227.

{¶ 51} More recently, in *State ex rel. Ohio Civ. Serv. Emp. Assn., AFSCME, Loc. 11, AFL–CIO v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, 818 N.E.2d 688, ¶ 19, we observed that the general rule—and not the narrow *Ohio Academy* exception—would apply where the mandamus case presents only a general and abstract question concerning the constitutionality of a legislative act instead of a claim that a "specific public entity had failed to perform its clear legal duty to consider specific petitions." Id. at ¶ 19.

{¶ 52} Unlike the relator in *Ohio Civ. Serv. Emp. Assn.*, UAW does not allege any specific case in which BWC has failed to comply with its alleged legal duty. In fact, as an administrative agency, BWC has a duty to abide by S.B. 227 because "[i]t is settled that an administrative agency is without jurisdiction to determine the constitutional validity of a statute." *State ex rel. Columbus S. Power Co. v. Sheward* (1992), 63 Ohio St.3d 78, 81, 585 N.E.2d 380, citing *S.S. Kresge Co. v. Bowers* (1960), 170 Ohio St. 405, 11 O.O.2d 157, 166 N.E.2d 139, paragraph one of the syllabus.

{¶ 53} Therefore, in accordance with the general rule, the court of appeals held that it lacked jurisdiction over UAW's mandamus claim because UAW's real objectives were a declaratory judgment and a prohibitory injunction. Neither a court of appeals nor this court has original jurisdiction over these latter claims. *State ex rel. Mackey v. Blackwell*, 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 16; *State ex rel. Johnson v. Ohio Adult Parole Auth.*, 104 Ohio St.3d 421, 2004-Ohio-6590, 819 N.E.2d 1106, ¶ 12.

## UAW Appeal: Adequate Remedy

{¶ 54} The court of appeals also concluded that UAW had an adequate remedy at law, which precluded entitlement to the requested extraordinary writ. Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law. *State ex rel. Ross v. State*, 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553, ¶ 5; R.C. 2731.05. "The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law." *State ex rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8.

{¶ 55} UAW has an adequate remedy by a common pleas court action for declaratory judgment and prohibitory injunction. As we unanimously held in *Satow*, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, ¶ 20:

{¶ 56} "[I]f H.B. 329 is declared unconstitutional in a declaratory judgment action and a prohibitory injunction is issued against applying its provisions * * *, there will be no need for an extraordinary ancillary mandatory injunction ordering respondents to follow the preexisting * * * formula. In fact, before the challenged provisions were enacted, we already effectively ordered respondents to follow this alternate formula. * * * Presumably, respondents would abide by

the applicable law. And R.C. 2721.09 authorizes courts to grant further relief based upon a previously granted declaratory judgment 'whenever necessary or proper.' "

{¶ 57} Similarly, if a common pleas court should find S.B. 227 unconstitutional and issue a prohibitory injunction preventing BWC from applying S.B. 227, there would be no need for a mandatory injunction that BWC not apply the predecessor statute, because it was found unconstitutional in *Holeton*. There is also no evidence that BWC would not comply with the law declared in *Holeton*.

{¶ 58} Therefore, these adequate legal remedies preclude UAW's entitlement to the writ. This result is consistent with our rule that "[c]onstitutional challenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action." *Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 11; *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 7.

### BWC Cross–Appeal: Standing

{¶ 59} In its cross-appeal, BWC argues that the court of appeals should have also dismissed UAW's complaint based on a lack of standing. BWC claims that under Civ.R. 53(E)(4)(b), the court of appeals had a duty to rule on its objections to the magistrate's decision concerning standing. Id. ("The court shall rule on any objections"). The court of appeals determined that because of its dismissal, the standing issue was moot.

{¶ 60} We need not determine this issue, because any error did not prejudice BWC. It was entitled to dismissal of UAW's mandamus claim on the previously discussed grounds. This conclusion "comports with our well-settled precedent that we will not indulge in advisory opinions." *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18. Moreover, we have held that contentions concerning standing can be rendered moot by our disposition of a case. *State ex rel. Kirk v. Burcham* (1998), 82 Ohio St.3d 407, 409, 696 N.E.2d 582, fn. 2; *Cleveland Clinic Found. v. Wilkins*, 103 Ohio St.3d 382, 2004-Ohio-5468, 816 N.E.2d 224, ¶ 14.

{¶ 61} Therefore, we hold that our disposition of UAW's appeal renders BWC's cross-appeal moot.

### Conclusion

{¶ 62} Based on the foregoing, the court of appeals did not err in dismissing UAW's complaint for extraordinary relief in mandamus, because the court lacked jurisdiction over claims that were actually claims for declaratory judgment and prohibitory injunction and UAW has an adequate legal remedy by way of a common pleas court action to raise its claims. This holding renders moot BWC's

cross-appeal. In addition, oral argument is unnecessary to resolve the dispositive issues. Accordingly, we deny the parties' requests for oral argument and affirm the judgment of the court of appeals.

Judgment affirmed.

RESNICK, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

MOYER, C.J., concurs in judgment only.

PFEIFER, J., dissents with opinion.

O'DONNELL, J., dissents.

**PFEIFER, J., dissenting.**

{¶ 63} I dissent because this case presents issues that merit oral argument. Although the granting of writs of mandamus and prohibition to determine the constitutionality of statutes is " 'limited to exceptional circumstances that demand early resolution,' " issues regarding Ohio's workers' compensation system, due to its comprehensive reach and wide impact, have in the past been the focus of exceptional review. *State ex rel. Ohio AFL–CIO v. Ohio Bur. of Workers' Comp.*, 97 Ohio St.3d 504, 2002-Ohio-6717, 780 N.E.2d 981, ¶ 12, quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 515, 715 N.E.2d 1062 (Pfeifer, J., concurring); see, also, *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582. Because this case could have a far-reaching effect on Ohioans, and because it is tied to an earlier decision by this court on a related issue, *Holeton v. Crouse Cartage Co.* (2001), 92 Ohio St.3d 115, 748 N.E.2d 1111, it deserves our most thorough consideration, which would include oral argument. The parties agree, and the public would benefit.

---

Stephen E. Mindzak Law Offices, L.L.C., and Stephen E. Mindzak, for appellant and cross-appellee.

Jim Petro, Attorney General, Elise Porter, and James A. Barnes, Assistant Attorneys General, for appellees and cross-appellants.

Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging affirmance for amicus curiae Ohio Chamber of Commerce.

Bricker & Eckler, L.L.P., and Thomas R. Sant, urging affirmance for amici curiae Ohio Chapter of the National Federation of Independent Business and Ohio Manufacturers' Association.

Vorys, Sater, Seymour & Pease, L.L.P., Robert A. Minor, and Robin Obetz, urging affirmance for amicus curiae Ohio Self–Insurers Association.