THE STATE EX REL. LUNA, APPELLANT, *v.* HUFFMAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Luna v. Huffman* (1996), 74 Ohio St.3d 486.]

(No. 95–1962—Submitted December 12, 1995—Decided February 7, 1996.)

*Michael K. Luna, pro se.*

*Per Curiam.* In his sole proposition of law, Luna asserts that the court of appeals erred in dismissing his mandamus action. More particularly, Luna claims that the judges of the court of appeals and the justices of this court are biased against him because they are of German and Celtic descent and he is not. Luna contends that representative government should be abolished, and that all laws should be put to a general vote by the electorate. According to Luna, he would prefer that "the entire population [rule on his legal actions rather] than a German Judge with absolute dictatorial powers * * *."

While *sua sponte* dismissal of a complaint without notice is generally inappropriate, it is proper where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373. In order to be entitled to a writ of mandamus, Luna has to establish a clear legal right to have Judge Huffman set a jury trial date on the issue of damages in the underlying civil action, a corresponding clear legal duty on the part of Judge Huffman to perform the requested act, and that Luna has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 646 N.E.2d 1113, 1114.

With regard to default judgments, Civ.R. 55(A) provides that "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to

take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." A writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 598, 651 N.E.2d 1006, 1008.

In addition, a writ of mandamus will generally not issue to compel a court to release its decisions promptly. *State ex rel. Tillimon v. Weiher* (1992), 65 Ohio St.3d 468, 469–470, 605 N.E.2d 35, 36; see, also, *State ex rel. Martinelli v. Corrigan* (1994), 68 Ohio St.3d 362, 626 N.E.2d 954 (writ of mandamus will not lie to compel court to rule on motion within one week of date filed); *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 650 N.E.2d 899 (writ of procedendo to order common pleas court to make certain rulings on postconviction relief petition and various other motions will not lie when they had been pending for only two to three weeks at the time complaint for extraordinary relief was filed).

Here, at the time Luna filed his second mandamus action, his motion for a jury trial on the issue of damages had been pending for less than three months. It was only slightly more than a month since the court of appeals had dismissed his first mandamus action requesting the same relief. Finally, in the interim since the first dismissal, Luna filed an affidavit of disqualification against Judge Huffman. Given all of these uncontroverted facts, the court of appeals properly determined that Luna's second mandamus action was obviously without merit.

Further, Luna does not dispute the law relied upon by the court of appeals to dismiss his case. Instead, he engages in a rambling attack on the judicial, legislative, and executive branches of government in general, baldly asserting some unsubstantiated bias on the part of "German" and "Celtic" justices. We find Luna's argument on appeal to be wholly meritless.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.