OPINION
{¶ 1} Plaintiff-appellant, Scott Powers, appeals from a judgment of the Ohio Court of Claims granting judgment in favor of defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment.
 {¶ 2} Appellant was an inmate at the Marion Correctional Institution ("MCI"). By his complaint filed on August 25, 1999, appellant averred that he was working in the institute's cafeteria on September 3, 1998, when he slipped on a butter packet and fell, injuring his back, neck and elbow. He further averred that he slipped and fell again on the cafeteria's floor in October 1998, incurring further injuries and aggravating his pre-existing injuries. Appellant contended that ODRC was negligent in maintaining the floor and in failing to warn him of the dangerous condition. Appellant claimed that ODRC's negligence caused both of his falls.
 {¶ 3} The issues of liability and damages were bifurcated and the case was tried to a magistrate of the court only on the issue of liability. In lieu of a transcript, the court approved a statement of evidence pursuant to App.R. 9(C). According to the statement of evidence, appellant previously injured his back in 1984 and had degenerative disc disease. While he was incarcerated at Trumbull Correctional Institution ("TCI"), appellant was placed on "medical idle." "Medical idle" meant that the inmate could not work. Appellant was transferred to MCI in June or July 1998. However, the medical staff at MCI determined that appellant was capable of light-duty work, such as wiping tables in the cafeteria and, therefore, placed him on temporary medical restriction. This restriction barred him from excessive standing, walking or lifting over twenty pounds. An orthopedist from The Ohio State University Orthopedic Clinic concurred that appellant's back condition only required him to be medically restricted.
 {¶ 4} Appellant testified that, on September 17, 1998, he was working at the institute's cafeteria clearing tables when he slipped on a butter packet and fell. He claimed that the floor was littered with butter packets and that there were no signs in the cafeteria to warn him of the slippery floor. He also claimed that the fall occurred during the noon meal, although an incident report indicated that the fall occurred at 9:22 a.m. Two other inmates testified on appellant's behalf. Joseph Direnzo testified that, in September 1998, he saw butter pads on the cafeteria's floor and that the floor needed to be cleaned. He further testified that porters who cleaned the floor did not effectively pick up debris from the floor. Charles Williams testified that the floor was "like walking on ice" the day appellant fell.
 {¶ 5} Corrections Officer Sergeant Heaberlin testified that there were three caution signs posted on one of the cafeteria's walls the day appellant fell. These signs warned that the cafeteria floor was slippery when wet. He further testified that inmate porters were stationed throughout the cafeteria to clean up spills as soon as they occurred. Officer Heaberlin had no reason to believe that the porters were not maintaining the floors in a proper manner when appellant fell. He also testified that appellant's job duties included wiping off tables but did not include mopping the floors.
 {¶ 6} After the hearing, the magistrate recommended judgment in favor of ODRC, determining that appellant did not prove that ODRC was negligent by a preponderance of the evidence. Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and entered judgment for ODRC.
 {¶ 7} Appellant appeals, assigning the following assignments of error:
[1.] The trial court and the magistrate erred and abused their discretion in failing to consider plaintiff-appellant's chronic back problem as to defendant-appellee's negligence in assigning him to work in an area where spills and debris caused by inmates made the likelihood of falls more probable than not.
[2.] The trial court and the magistrate erred and abused their discretion when they failed to apply the law which requires defendant-appellee to provide plaintiff-appellant a safe place to work.
[3.] The trial court and the magistrate erred in finding defendant-appellee did not have an adequate warning of hazardous condition near the sloptank and in the cafeteria.
[4.] The trial court and the magistrate erred and abused their discretion in ruling the warning signs or posters on the wall were sufficient to protect and overcome a known obvious danger created by inmates dumping trays and spilling substances on the floor without marking the danger zone or taking precautionary action to see trays were dumped by porters or left to be picked up by trained personnel.
[5.] The trial court and the magistrate erred and abused their discretion in ruling plaintiff-appellant did not prove a second fall occurred simply because of his faulty memory as to the date.
[6.] The trial court's and the magistrate's ruling in regard to notice is against the manifest weight of the evidence.
[7.] The trial court's and the magistrate's decision as to both falls is against the manifest weight of the evidence.
 {¶ 8} For ease of analysis, we will address appellant's assignments of error out of order. Appellant contends in his second assignment of error that the trial court erred in finding for ODRC because ODRC failed to provide appellant a safe place to work. However, appellant mischaracterizes the duty owed by ODRC. In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks. Woods v. Ohio Dept. of Rehab. Corr. (1998),130 Ohio App.3d 742, 744-745; McCoy v. Engle (1987), 42 Ohio App.3d 204,207-208. Reasonable care is that care which would be used by an ordinarily prudent person under the same or similar circumstances.Briscoe v. Ohio Dept. of Rehab. Corr., Franklin App. No. 02AP-1109, 2003-Ohio-3533, at ¶ 15. The trial court applied this standard of care in determining whether or not ODRC was negligent. Therefore, appellant's second assignment of error is overruled.
 {¶ 9} Appellant contends in his third and sixth assignments of error that the trial court's finding that ODRC did not have notice of the dangerous condition on the cafeteria floor was against the manifest weight of the evidence. We disagree. Judgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus. The reviewing court is bound to give deference to the factual findings of the trial court. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80. The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflection, and gestures. Id.
 {¶ 10} Although the state is not an insurer of the safety of its prisoners, once the state becomes aware of a dangerous condition in the prison it is required to take the reasonable care necessary to make certain that the prisoner is not injured. Macklin v. Ohio Dept. ofRehab. Corr., Franklin App. No. 01AP-293, 2002-Ohio-5069, at ¶ 21; Briscoe, supra, at ¶ 15. It is appellant's burden to demonstrate that ODRC had notice of the condition of the floor when he fell. Presleyv. Norwood (1973), 36 Ohio St.2d 29, 31. Notice may be obtained in two ways: actual or constructive. Actual notice is notice obtained by actual communication to a party. Briscoe, supra, at ¶ 20. Constructive notice is defined as that which the "`law regards as sufficient to give notice and is regarded as a substitute for actual notice.'" Id., quotingWilliams v. Ohio Dept. of Rehab. Corr. (1991), 61 Ohio Misc.2d 699,703.
 {¶ 11} Appellant presented no evidence demonstrating that ODRC was actually aware of the floor's condition when appellant slipped. Therefore, we must examine the evidence with respect to whether ODRC had constructive notice of the floor's condition. "If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice." Presley, at 32. In order to support such an inference, the trier of fact must be presented with evidence to indicate the hazard existed for a sufficient time to justify the inference that the failure to warn against it or remove it was a breach of ordinary care. Id.; Combs v. First Natl. Supermarkets,Inc. (1995), 105 Ohio App.3d 27, 30. Here, Officer Heaberlin testified that porters were stationed throughout the cafeteria to clean up spills as soon as they occurred, and that there was no reason to believe the porters were not maintaining the floors in a reasonable manner the day appellant fell. Officer Heaberlin's testimony is competent and credible evidence supporting the trial court's finding that ODRC did not have constructive notice of a dangerous condition on the cafeteria floor. Therefore, the trial court's determination is not against the manifest weight of the evidence. Appellant's third and sixth assignments of error are overruled.
 {¶ 12} In his fourth assignment of error, appellant contends that ODRC did not provide adequate warning of the slipping hazard. We review this assignment of error under the same manifest weight of the evidence analysis. Even if we assume that the slippery cafeteria floor was a recurring condition that ODRC knew about, occasional spills in a cafeteria are unavoidable. In these circumstances, warning signs are usually sufficient to satisfy the duty of reasonable care. Jackson v.Kings Island (1979), 58 Ohio St.2d 357, 359; Watts v. Taco Bell, Inc.
(Jan. 21, 1997), Franklin App. No. 96APE08-1021. The trial court found that the warning signs ODRC posted on a wall in the cafeteria provided adequate warning of the potential hazard.
 {¶ 13} The testimony regarding the warning signs posted on the cafeteria wall was conflicting. Appellant testified that there were no warning signs posted when he fell. Two other inmates also testified that there were no warning signs posted when appellant fell. However, Officer Heaberlin testified that there were three signs posted on a wall in the cafeteria, warning inmates that the cafeteria floor was slippery when wet. The trial court found Officer Heaberlin's testimony more credible. We defer to that finding. Seasons Coal, supra. The trial court was free to disbelieve the testimony appellant submitted on this issue, as the weight to be given the evidence and the assessment of witness credibility is within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus; Sharaf v. Youngman,
Franklin App. No. 02AP-1415, 2003-Ohio-4825, at ¶ 9. Officer Heaberlin's testimony provides competent and credible evidence to support the conclusion that ODRC placed signs on the cafeteria wall warning of the potential slipping hazard. The adequacy of these warnings is a question left to the trier of fact. Watts, supra. Officer Heaberlin's testimony was also competent and credible evidence that the posted warning signs were adequate. Appellant's fourth assignment of error is overruled.
 {¶ 14} Appellant contends in his fifth assignment of error that the trial court erred in ruling that he failed to prove he fell a second time. Appellant testified that he fell a second time in September or October 1998, while moping the cafeteria floor and that he was taken away from the cafeteria in a wheelchair after the fall. Appellant submitted an "Unusual Incident Report" form as proof of his second fall. However, appellant did not state in the report that he fell. Rather, appellant wrote that he wrenched his back as he was moping the floor of the cafeteria. Additionally, appellant's testimony concerning the date of the alleged second fall did not correspond to the date alleged in the report. As noted above, appellant testified that he fell the second time in September or October 1998. The incident referred to in the report allegedly occurred on February 24, 1999. Moreover, the trial court noted appellant's job was to clean the cafeteria tables, not to mop the floor.
 {¶ 15} The trial court obviously found that appellant's testimony about his second fall lacked credibility, particularly given the inconsistencies between his testimony and the incident report. Again, the trial court was free to disbelieve appellant's testimony on this issue, as the assessment of witness credibility is within the province of the trier of fact. DeHass, supra. Therefore, we cannot conclude that the trial court erred in finding appellant failed to prove his second fall. Appellant's fifth assignment of error is overruled.
 {¶ 16} Appellant contends in his first assignment of error that the trial court abused its discretion when it held that ODRC was not negligent in assigning appellant to work in the cafeteria. We disagree. Dr. Martin Akusoba, the medical director of MCI, testified that appellant's medical restriction allowed him to perform light duties, such as wiping tables in the cafeteria. An orthopedist who evaluated appellant concurred that appellant's medical condition only required that appellant be placed on medical restriction. This testimony is competent and credible evidence to support a finding that ODRC did not negligently assign appellant to work in the cafeteria. Appellant's first assignment of error is overruled.
 {¶ 17} Finally, appellant contends in his seventh assignment of error that the trial court's decision is against the manifest weight of the evidence. Again, we disagree. Appellant argues that he was not capable of working in the cafeteria and that the cafeteria was not a safe place to work. We have previously disposed of these claims. Two doctors approved appellant to perform light-work duties, such as cleaning tables, and the cafeteria was monitored by porters who were to clean the floor if and when spills occurred. ODRC's duty to appellant was to exercise reasonable care to prevent prisoners in its custody from being injured by dangerous conditions about which the state knows or should know. Moorev. Ohio Dept. of Rehab. Corr. (1993), 89 Ohio App.3d 107, 112. Competent and credible evidence demonstrated that ODRC did not have actual or constructive notice of the dangerous condition on the cafeteria floor at the time of appellant's fall. Even if ODRC was aware that a dangerous condition could occasionally arise, that condition was unavoidable and ODRC adequately warned appellant of the danger by posting warning signs. The trial court's decision was supported by competent and credible evidence and, therefore, was not against the manifest weight of the evidence. Appellant's seventh assignment of error is overruled.
 {¶ 18} In conclusion, appellant's assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., Concur.