OPINION
{¶ 1} Plaintiff-appellant, Keith A. Sturgill, appeals from the March 3, 2003 judgment of the Ohio Court of Claims adopting the magistrate's decision and ruling in favor of appellee. For the reasons stated below, we affirm.
 {¶ 2} According to appellant's complaint, this controversy began on August 26, 2000 at the Belmont Correctional Institute, where appellant was incarcerated. Appellant was watching television while leaning back in his chair. The chair appellant was sitting in was plastic, with metal legs, and was designed without arms. Appellant was leaning back approximately 16 to 18 inches. In addition to appellant, there were several other inmates in the television room at 4-House. Appellant had just completed working the night shift. Correctional Officers ("C.O.'s") Travis and Greer came into the room where the inmates were watching television. Appellant contends C.O. Travis called him a "bitch," at which point appellant asked him not to refer to the inmates using that word. Appellant then alleges that C.O. Travis kicked the chair out from under him. None of the other inmates in the room at the time of the alleged incident saw C.O. Travis kick the chair. Appellant claims inmate Alphonse Edwards was on the B-side looking through the glass into the television room, and saw C.O. Travis kick appellant's chair.
 {¶ 3} Appellant alleges his back started hurting because of the fall. After experiencing pain in his back, appellant went to the infirmary on September 6, 2000. On September 11, 2000, appellant named C.O. Travis as the person who caused his injury. The Ohio State Highway Patrol investigated appellant's claim. C.O. Travis has no recollection of kicking appellant's chair. Likewise, C.O. Greer cannot recall any incident involving appellant on August 26, 2000. C.O. Greer does remember appellant claiming he hurt his back in the shower.
 {¶ 4} On August 24, 2001, appellant filed a claim in the Ohio Court of Claims against defendant-appellee, the Ohio Department of Rehabilitation and Correction.
 {¶ 5} On August 13, 2002, the trial was held at the Belmont Correctional Institute before a magistrate. During the trial, the court granted appellant's motion to keep the record open for 30 days so that appellant's counsel could locate two additional witnesses, Richard Dinger ("Dinger") and Alphonse Edwards ("Edwards"). Appellant was given 30 days to notify the court, no later than September 13, 2002, whether appellant intended to have said witnesses testify.
 {¶ 6} On September 13, 2002, appellant filed a motion to keep the record open an additional 30 days to secure the testimony of Edwards, who still could not be located.
 {¶ 7} On October 7, 2002, the trial court granted appellant's second motion to leave the record open until October 21, 2002.
 {¶ 8} In an order dated December 13, 2002, the magistrate recommended judgment against appellant, and in favor of appellee.
 {¶ 9} On December 26, 2002, appellant filed a motion for extension of time to file objections and for leave to present further evidence.
 {¶ 10} On January 15, 2003, the magistrate granted the motion for leave to file objections and denied the request to present further evidence.
 {¶ 11} On January 21, 2003, appellant timely filed his objection to the decision of the magistrate.
 {¶ 12} In an order dated March 3, 2003, the Ohio Court of Claims adopted the magistrate's decision and recommendation as its own. Judgment was rendered in favor of appellee, Ohio Department of Rehabilitation and Correction.
 {¶ 13} On March 17, 2003, appellant filed a motion for a new trial.
 {¶ 14} On April 30, 2003, appellant's motion for a new trial was denied.
 {¶ 15} On May 29, 2003, appellant filed his notice of appeal. On appeal, appellant has assigned as error the following:
Assignment of Error No. 1:
The trial court and the magistrate erred and abused their discretion in denying plaintiff-appellant opportunity to find and depose alphonse edwards who witnessed the entire incident.
Assignment of Error No. 2:
The decision of the magistrate and the trial court was against the manifest weight of the evidence.
 {¶ 16} In his first assignment of error, appellant argues the trial court abused its discretion when it denied appellant's motion for a continuance to locate and depose a witness to the alleged incident.
 {¶ 17} The Ohio Supreme Court has found that granting or denying a continuance of a scheduled trial or hearing is within the sound discretion of the trial court. State ex rel. Buck v.McCabe (1942), 140 Ohio St. 535, at 537. Further, the court has found an appellate court should be slow to reverse in the absence of an abuse of discretion that causes material prejudice to a defendant. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 66. An abuse of discretion occurs where the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 18} Whether or not a continuance should be granted has been discussed by the Ohio Supreme Court in State v. Unger
(1981), 67 Ohio St.2d 65. There, the court indicated certain factors to be looked at in determining if a continuance is appropriate. The factors the Unger court listed are:
[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
 {¶ 19} Looking at the Unger factors and applying them to the present case, it is clear that the trial court acted reasonably in refusing the continuance. Here, the magistrate granted appellant two separate continuances: one for 30 days, and the other for 38 days. In addition to the two continuances, appellant had over two years from the date he originally filed his claim to find and depose Edwards. Based on this fact alone, there can be no certainty that appellant will ever find Edwards in any amount of time. The trial court is not required to keep the case open on an unending basis.
 {¶ 20} In a case decided recently by this court, Stratton v.Kent State, Franklin App. No. 02AP-887, 2003-Ohio-1272, we found no requirement for the trial court to delay proceedings to allow the defendant to supplement the record. In Stratton, defendant, Kent State University, requested the record be left open a short time in order to depose a witness. Kent State was aware of the witness, but made a tactical decision not to depose the witness until after the appellee's case-in-chief. The Court of Claims denied the request. Defendant appealed to this court, which found no abuse of discretion and stated the trial court is under no obligation to delay the proceedings to accommodate the defendant's request.
 {¶ 21} Similarly, appellant in this case was well aware of the existence of the witness, Edwards, within two weeks after the alleged incident. Appellant could have made efforts to depose Edwards as soon as his identity was discovered; instead, appellant chose not to depose Edwards at that time. Now appellant wants to leave the record open to find and produce Edward's testimony. Coupled with the amount of time appellant had to find Edwards, and the fact appellant had already been granted two continuances, it can be said with certainty the trial court gave adequate leave to appellant to leave the record open. Accordingly, we hold the trial court did not abuse its discretion in refusing to grant a continuance. Appellant's first assignment of error is not well-taken and is overruled.
 {¶ 22} In his second assignment of error, appellant argues the decision of the trial court was against the manifest weight of the evidence.
 {¶ 23} In a recently decided case, this court held that an appellate court is bound to accept the trial court's findings of fact as not being against the manifest weight of the evidence where the judgment is "supported by some competent, credible evidence going to all the essential elements of the case." CarrSupply, Inc. v. Rockford Homes, Inc., Franklin App. No. 02AP-960, 2003-Ohio-4676, quoting C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 24} Here, it was not unreasonable for the trial court to find that appellant misused his chair by tipping it back as opposed to the chair being knocked over by the C.O. Indeed, there were no witnesses who actually saw the supposed kicking of the chair by the C.O. This case comes down to a credibility determination. It is well within the scope of the trier of fact to believe or disbelieve any testimony it chooses. As this court ruled in Powers v. Ohio Dept. of Rehab. Corr., Franklin App. No. 03AP-504, 2003-Ohio-6566, "the assessment of witness credibility is within the province of the trier of fact." In that case, an inmate at Marion Correctional Institute alleged that he fell and injured himself while mopping the floor. The trial court ruled that the inmate failed to prove he actually fell. This court said that the trial court was free to disbelieve any or all of the testimony as it desired.
 {¶ 25} Because there is some competent, credible evidence going to all the essential elements of this case which supports the trial court's judgment, appellant's second assignment of error is not well taken and is overruled.
 {¶ 26} Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.