DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter comes for consideration by this Court on the petition for mandamus filed by Relator, Timothy Thomas, on September 22, 2005, against Respondent, Judge Michael L. Tucker. On October 25, 2005, the Respondent filed a motion to dismiss the above-captioned petition. Relator failed to file a response to the motion to dismiss.
 {¶ 2} Relator petitions this Court to order Judge Tucker to grant Relator "his full jail time credit that [he] shall be entitled to by law." Relator, Thomas, was sentenced on June 30, 2004, to serve 17 months in prison for possession of cocaine. Initially, Thomas was granted 9 days jail-time credit, but on December 29, 2004, he filed a motion seeking additional jail-time credit. On January 11, 2005, the Court Services Division determined that Thomas was entitled to 21 days jail-time credit, which Judge Tucker approved. On August 18, 2005, Thomas filed another motion seeking additional jail-time credit, and on October 20, 2005, Judge Tucker approved the report from the Court Services Division granting Thomas a total of 30 days jail-time credit. Thomas states, in his petition for mandamus, that he is seeking a total of 86 days of jail-time credit. Respondent counters, in his motion to dismiss, that Thomas's petition is moot, that he has an adequate remedy at law, and that he has no clear legal right to the relief requested.
 {¶ 3} To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law.State ex rel. Luna v. Huffman (1996), 74 Ohio St.3d 486, 487,659 N.E.2d 1279.
 {¶ 4} We agree with the Respondent that Relator's petition is moot, and that he has an adequate remedy at law available to him. Mandamus will not lie to perform an act which has already been performed. State ex rel. Hamilton v. Brunner (2005),105 Ohio St.3d 304, 305, 2004-Ohio-1735. Additionally, mandamus will not lie if there is an adequate remedy at law. State ex rel. Russellv. Duncan (1992), 64 Ohio St.3d 538.
 {¶ 5} Thomas filed his petition for mandamus, asking that Judge Tucker grant him jail-time credit, on September 22, 2005. Judge Tucker granted Thomas's request on October 20, 2005, by approving the Court Services Division's determination that Thomas was entitled to 30 days jail-time credit. Therefore, as Judge Tucker has already ruled on Thomas's motion, his petition for mandamus is moot. State ex rel. Jones v. O'Connor (1999),84 Ohio St.3d 426, 1999-Ohio-470.
 {¶ 6} Thomas states, in his petition for mandamus, that he is seeking a total of 86 days jail-time credit. Thus, he may not be satisfied with the Court Services Division's determination that he is only entitled to 30 days. However, mandamus is not appropriate to compel Judge Tucker to alter the Court Services Determination. Thomas had an adequate remedy at law available to him by way of an appeal of Judge Tucker's decision approving the 30 days jail-time credit. Id.
 {¶ 7} Therefore, Relator's petition for mandamus is moot because the requested act has already been performed, and further mandamus will not lie because an adequate remedy at law is available to the Relator. Consequently, Respondent's motion to dismiss is GRANTED, and Relator's petition for mandamus is DISMISSED.
IT IS SO ORDERED.
Brogan, Presiding and Administrative Judge, Fain, Judge, Grady, Judge.
To the Clerk: Pursuant to Civil Rule 58(B), please serve on all parties not in default for failure to appear notice of judgment and its date of entry upon the journal.