DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter comes for consideration on the complaint for a writ of mandamus
 {¶ 2} filed by pro se Relator, Johnny Kenard, on November 22, 2005. To date, Respondent, Judge Michael Tucker, has not filed an answer in this matter. However, upon our sua sponte
review of Relator's complaint we conclude that he is not entitled to the relief he requests.
 {¶ 3} Relator requests that we order the Respondent to have prepared "a complete transcript of all proceedings taken placed in the relator's case." To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v. Huffman (1996),74 Ohio St.3d 486, 487, 659 N.E.2d 1279.
 {¶ 4} An indigent defendant is entitled to have one copy of a transcript prepared, at the State's expense, for the record on appeal. State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45,45-46. The Supreme Court has stated that "the right is subject to certain limits. One limit previously established is that, interalia, [an] appeal or post-conviction action must be pending at the time the transcript is sought." Id. (emphasis added).
 {¶ 5} In the instant case, Relator has previously had two appeals before this Court.[1] However, both appeals were untimely filed, and in both cases we denied Realtor-Appellant's motion for leave to file a delayed appeal.
 {¶ 6} At the present time, Relator does not have any appeals pending with this Court. Accordingly, he does not have a clear legal right to have a transcript prepared for his review, and mandamus will not lie.
 {¶ 7} Furthermore, Relator has failed to properly caption his application for a writ of mandamus. "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C.2731.04 (West 2005). Failure to properly caption an original action petition is grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County
(1962), 173 Ohio St. 226.
 {¶ 8} Additionally, we note that should Relator have an appeal pending before us in the future, that would not entitle to him to his own free personal copy of the transcript like he is asking for in this case. The clerk of courts is not required to provide an indigent defendant with his own personal copy of the transcript in addition to the copy filed with the court of appeals. State ex rel. Greene v. Enright (1992),63 Ohio St.3d 729, 732. If Relator seeks a copy of the transcript for his own review in any future matters he must pay for the costs of the transcript.
 {¶ 9} Upon due consideration of the foregoing, we conclude that the Relator does not have a clear legal right to the relief requested and thus mandamus will not lie. Accordingly, Relator's petition for a writ of mandamus is hereby sua sponte DISMISSED.
IT IS SO ORDERED.
Brogan, Presiding and Administrative Judge, Wolff, Jr., Judge, Grady, Judge.
To the Clerk: Pursuant to Civil Rule 58(B), please serve on all parties not in default for failure to appear notice of judgment and its date of entry upon the journal.
[1] State v. Kenard, Mont. County App. No. CA20521; State v.Kenard, Mont. County App. No. CA20858.