[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY; WRIT OF MANDAMUS
{¶ 1} This action in mandamus was brought pursuant to R.C.149.43 as part of a public records request. Relator, Dayton Newspapers, Inc., filed their complaint on July 22, 2005. Respondents, the City of Troy and the Chief of Police of the City of Troy, Charles Phelps, filed their answer on August 8, 2005. On October 12, 2005, we denied Relator's request for a peremptory or alternative writ, and pursuant to Loc.R. 8(F), ordered the parties to submit evidence and file briefs so that this Court could make a final determination.
 {¶ 2} Pursuant to an agreed protective order entered into by the parties, the evidence and briefs in this matter were filed under seal. We received Relator's brief on January 30, 2006. Respondents filed their brief on April 17, 2006. Relator filed a reply brief on April 28, 2006.
 {¶ 3} This action arises from an undercover investigation conducted by the City of Troy Police Department in 2002 and 2003 of the Total Xpoxure adult night club. During the course of the investigation the City of Troy Police Department used the identity of a deceased individual in order to obtain access to a pornographic website operated by Total Xposure. The fact that a deceased man's identity had been used in the investigation was voluntarily disclosed to the public by Respondent, Charles Phelps. However, Respondents did not disclose the name and identity of the deceased individual used in the investigation.
 {¶ 4} On May 16, 2005, Relator made a public record request to Respondents, and requested "the name and last known address of the deceased individual(s) whose identity was used by the Troy police during the department's investigation of the Total Xposure adult club in 2003." The Relator claimed that this information was a public record and must be disclosed pursuant to R.C.149.43. However, Respondents refused to disclose the information because they asserted it was "related to `specific confidential investigatory techniques'" and thus exempt from disclosure under R.C. 149.43.
 {¶ 5} On July 22, 2005, after Respondents refused to turn over the information the Relator had requested, the Relator brought this action in mandamus pursuant to R.C. 149.43(C). In addition to disclosure of the identity of the deceased individual used by Respondents in their investigation, the Relator also seeks attorney's fees for the cost of bringing this action.
 {¶ 6} To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law.State ex rel. Luna v. Huffman (1996), 74 Ohio St.3d 486, 487,659 N.E.2d 1279. However, the typical requirement of lack of adequate remedy at law is inapplicable in public record mandamus actions. See State ex rel. McGowan v. Cuyahoga Metro. Hous.Auth. (1997), 78 Ohio St.3d 518.
 {¶ 7} In this case, the parties do not dispute that the requested record is a "public record." Therefore, the Relator is entitled to the information requested, so long as it is not subject to one of the exemptions from disclosure in the Public Records Act.
 {¶ 8} The Public Records Act is to be liberally construed, and the holder of the requested records has the burden of establishing an exemption from disclosure. State ex rel. BeaconJournal Publ'g. Co. v. City of Akron (2004), 104 Ohio St.3d 399,2004-Ohio-6557. Respondents rely on R.C. 149.43(A)(2)(c), which exempts from disclosure records that have a high probability of disclosing "[s]pecific confidential investigatory techniques or procedures or specific investigatory work product."
 {¶ 9} Respondents assert that "[t]he city may want to use the process . . . in the future," and that disclosure of this process would prevent its use in the future because a "mere search of the obituaries would `out' the possible individual chosen. . . ."
 {¶ 10} We find Respondents' have failed to meet their burden that the requested information is exempt from disclosure under the Public Records Act. The "technique" used by the Respondents in this case was the use of a deceased man's name and identity in an undercover operation. That "technique" has already been voluntarily disclosed by the Respondents, and was disclosed to the public in an article published by the Relator on April 17, 2005.
 {¶ 11} The only information Respondents have refused to disclose is the name of the deceased individual used in the undercover operation. Respondents contend that disclosure of the deceased man's identity would preclude use of this technique in the future because a "mere search of the obituaries would `out' the possible individual chosen." We find that argument without merit. The Respondents have already disclosed that a deceased individual's identity was used in their investigation. Thus, regardless of whether the individual's identity used in this investigation is disclosed, anyone in the future may search the obituaries to determine if the identity being used in an investigation is someone who is deceased. Accordingly, we conclude that Respondents' disclosure of the identity of the deceased man used in the undercover operation does not create a high probability of disclosing a "specific confidential investigatory technique."
 {¶ 12} The Respondents also assert that a "multitude of [other] exceptions under the code" apply, which preclude disclosure in this instance. However, they fail to reference a single exception which would be applicable to the requested information in this case. Further, our own review of R.C. 149.43
leads us to conclude that none of the other exemptions apply to the information requested in this case.
 {¶ 13} The Respondents have failed to prove that the requested record meets an exemption from disclosure under R.C.149.43. Therefore, the Respondents have a legal duty to turn over, and the Relator has a legal right to the identity of the deceased individual used in Respondents investigation of the Total Xposure adult night club. Accordingly, a writ of mandamus shall issue.
 {¶ 14} Relator also requests an award of reasonable attorney's fees for enforcing Ohio's Public Records Act. We decline to grant Relator's request.
 {¶ 15} An award of attorney's fees in a mandamus action under the Public Records Act is not mandatory. State ex rel. Fox v.Cuyahoga Cty. Hosp. Sys. (1988), 39 Ohio St.3d 108. In deciding whether or not to award attorney's fees, we consider the reasonableness of Respondents' failure to comply with the public records request, and the degree that the public will receive a benefit from disclosure of the requested records. State ex rel.WBNS TV, Inc. v. Dues (2004), 101 Ohio St.3d 406,2004-Ohio-1497.
 {¶ 16} We conclude that although Respondents' failure to disclose the identity of the deceased man used in the undercover operation may have been unreasonable, disclosure of his name will not confer any substantial benefit on the public. Any benefit that was conferred upon the public in this case occurred when the "technique" used by Respondents was disclosed in the article published by the Relator. That "technique" was voluntarily disclosed by the Respondents without requiring the Relator to bring a mandamus action. Accordingly, we conclude that an award of reasonable attorney's fees to the Relator is not warranted in this case.
 {¶ 17} In sum, the Relator's request for a writ of mandamus is GRANTED and IT IS HEREBY ORDERED that Respondents are to turn over to Relator copies of, and permit public access to, all documents "reflecting the name and last known address of the deceased individual(s) whose identity was used by the Troy police during the department's investigation of the Total Xposure adult club in 2003." Further, Relator's request for attorney's fees for bringing a mandamus action to acquire this information is DENIED.
SO ORDERED.
Grady, Presiding Judge, Brogan, Judge, Fain, Judge.