OPINION AND JOURNAL ENTRY
{¶ 1} Petition for writ of mandamus was filed on March 23, 2005, asking this Court to compel Respondent to enter a ruling on a postconviction petition which Relator filed on March 4, 2003, and further, to rule on his motion for leave to amend his postconviction petition.
 {¶ 2} On August 5, 2005, Respondent filed a motion to dismiss the petition claiming it was moot. However, on September 29, 2005 this Court overruled the motion to dismiss, noting that the judgment on which Respondent relied addressed only a separately filed "Motion to Vacate Illegally Imposed Sentence" (filed May 16, 2005), and did not address the claims raised in the original petition to vacate sentence filed on March 4, 2003. Respondent was granted thirty days to show cause why a writ should not issue. Subsequently, on October 13, 2005, a notice was filed that Respondent had entered a ruling on October 7, 2005 overruling the petition to vacate or set aside the sentence imposed on Relator. Respondent renewed its motion to dismiss on the grounds the petition was moot. The trial court docket for underlying Common Pleas Case No. 02 CR 91 involving this Relator also reveals that a timely notice of appeal was filed directed to the October 7, 2005, judgment overruling the petition to vacate or set aside sentence. (Appeals Case No. 05 JE 54).
 {¶ 3} In order to be entitled to a writ of mandamus a party must establish that there is a clear legal right to the relief prayed for, that the respondent has a clear legal duty to perform the requested act and that there is no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v. Huffman
(1996), 74 Ohio St.3d 486, 659 N.E.2d 1279. In this case there has been an appeal filed from the judgment overruling Relator's petition to vacate and set aside his sentence. The availability of a legal remedy for this Court to address the issues raised by Relator in his petition acts as a bar to Relator's mandamus action.
 {¶ 4} In addition, it is an established principle of law that a writ of mandamus will not issue to compel an act already performed. State ex rel. Jerninghan v. Cuyahoga Cty. Court ofCommon Pleas (1996), 74 Ohio St.3d 278. As Respondent has already granted the relief requested, this petition is moot.
 {¶ 5} Finally, the petition filed herein is deficient because it does not comply with the legal requirement of an accompanying affidavit describing each civil action or appeal of a civil action filed in the previous five years. R.C. § 2969.25. Failure to provide such affidavit constitutes sufficient grounds for dismissal of a petition for a writ of mandamus. State ex rel.Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421.
 {¶ 6} For the foregoing reasons, this petition is dismissed.
 {¶ 7} Costs taxed against Petitioner.
 {¶ 8} Final order. Clerk to serve notice as provided by the Civil Rules.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.