DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter is before the Court on the response of Daniel Watkins II to our order to show cause why his petition for a writ of mandamus, filed September 25, 2007, should not be dismissed. Also pending is the State of Ohio's motion to dismiss the petition, pursuant to Civ. R. 12(B)(6). For the following reasons, Watkins' petition for a writ of mandamus is DISMISSED.
 {¶ 2} According to his petition, Watkins was convicted of attempted rape in May 1996. In September 1997, the court designated him a sexually oriented offender, and he was required to register as a sex offender until September 4, 2007. Watkins states that he has been informed that his reporting period has been extended by the new sex offender classification scheme, which was enacted in Senate Bill 10, effective *Page 2 
January 1, 2008. Although he had not been reclassified at the time he filed his petition, he was required to continue registering until he was reclassified. Watkins requests a writ of mandamus, ordering the Greene County Sheriff "to remove the Petitioner from the requirement to register as a sex offender since he has completed his ten year reporting period on September 4, 2007."
 {¶ 3} In October 2007, the State of Ohio, through the Greene County Prosecutor's Office, moved to dismiss the petition for failure to state a claim upon which relief can be granted. The State argued that the extended duty to register and verify were constitutional and that Watkins has an adequate remedy at law under R.C. 2950.031(E), which allows for a hearing, as a matter of right, to contest the applicability of R.C. Chapter 2950 to the offender. In response, Watkins argued that S.B. 10 was punitive and thus violated his right to protection from ex post facto laws. He further asserted that S.B. 10 was not rationally related to the stated intent to protect the public. Watkins claimed that he lacked an adequate remedy at law, because he is required to continue registering despite the fact that his registration period ended in September 2007 and he has not yet been reclassified.
 {¶ 4} On January 7, 2008, we issued an order requiring Wakins to show cause why his petition for a writ of mandamus should not be dismissed. In our order, we identified several potentially fatal defects in his petition. First, we stated that his petition appeared to seek a declaration that R.C. 2950.033 is unconstitutional and injunctive relief preventing the Sheriff from applying the law. Thus, we stated that it appeared the we lack jurisdiction to consider the merits of the petition. Second, we stated that Watkins appeared to have an adequate remedy at law by an action for declaratory judgment and a prohibitive injunction in the common pleas court. Third, we *Page 3 
indicated that the alleged respondent — the Greene County Sheriff — did not appear to have a duty to provide Watkins the relief that he sought. We noted that the Attorney General, not the Sheriff, determines an offender's new classification as a tier I, tier II, or tier III sex offender. R.C. 2950.07 mandates the duration of registration requirements based upon that classification.
 {¶ 5} Watkins responded to the show cause order on January 28, 2008. He asserted that the Sheriff was a proper respondent, because he is charged with enforcement of the reporting requirement. Alternatively, Watkins requested leave to amend his petition to include the Attorney General. Watkins further stated that the petition does not request declaratory and injunctive relief. Rather, he states that he is seeking an order requiring the Sheriff to perform an act mandated by the prior version of R.C. Chapter 2950, under which Watkins was declared a sexually oridented offender. Finally, Watkins claimed that a declaratory judgment action would not provide an adequate remedy at law, because a declaratory judgment action would "follow the time periods of the Civil Rules." Watkins implies that the length of time to complete a declaratory judgment action would be inadequate to protect his rights. Watkins' arguments are unavailing.
 {¶ 6} "A writ of mandamus is an extraordinary remedy and only applies in a limited set of circumstances." Davenport v. Montgomery Cty., Montgomery App. No. 21196, 2006-Ohio-2909, ¶ 4. "To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law." State ex rel. Dayton Newspapers, Inc. v. Troy, Montgomery App. No. 21180, 2006-Ohio-2631, ¶ 6, *Page 4 
citing State ex rel. Luna v. Huffman (1996), 74 Ohio St.3d 486,487, 659 N.E.2d 1279.
 {¶ 7} When the "real objects" sought in the petition are a declaratory judgment and a prohibitory injunction, the petition for the writ of mandamus fails to state a claim for extraordinary relief in mandamus, and the court must dismiss the petition for lack of jurisidction.State ex rel. Beane v. City of Dayton, 112 Ohio St.3d 553, 557,2007-Ohio-811, 862 N.E.2d 97.
 {¶ 8} First, we are not persuaded that the "real object" of Watkins' petition is an order requiring the Sheriff to perform an act mandated by the prior version of R.C. Chapter 2950. In order for Watkins to have a clear legal right to be relieved of continuing registration and notification requirements and for the Sheriff to have a clear legal duty to perform that act, S.B. 10 must first be held unconstitutional. Thus, the primary aim of Watkins' petition is a declaration that S.B. 10 is unconstitutional and a prohibitory injunction enjoining the enforcement of amended R.C. Chapter 2950. Contrast State ex rel. General v.Brunner, 114 Ohio St.3d 386, 392, 2007-Ohio-3780, 872 N.E.2d 912
(declaratory judgment action would not provide adequate remedy at law where mandatory injunction would also be necessary to provide complete relief).
 {¶ 9} Secondly, we reject Watkins' assertion that he lacks an adequate remedy at law. An alternative remedy is adequate if it is complete, beneficial, and speedy. Beane, 112 Ohio St.3d at 558. Here, Watkins has an adequate remedy at law by an action for declaratory judgment and a prohibitory injunction in the common pleas court. "Constitutional challenges to legislation are generally resolved in an action in common pleas court rather than in an extraordinary writ action." State ex rel.Scott v. City of Cleveland, 112 Ohio St.3d 324, 2006-Ohio-6573,859 N.E.2d 923, ¶ 22. Although any *Page 5 
civil action requires some period of time to resolve, a declaratory judgment action is proper in cases where a speedy resolution "is necessary to preserve rights that may otherwise be impaired or lost."Freedom Road Foundation v. Ohio Dept. of Liquor Control (1997),80 Ohio St.3d 202, 204, 685 N.E.2d 522. Moreover, the State has conceded that Watkins may challenge the constitutionality of S.B. 10 in a hearing under R.C. 2950.031(E).
 {¶ 10} In sum, Watkins has failed to state a claim for extraordinary relief in mandamus. Because Watkins cannot prevail on his request for extraordinary relief, the petition for a writ of mandamus is hereby DISMISSED.
SO ORDERED.
WILLIAM H. WOLFF, JR., Presiding Judge
JAMES A. BROGAN, Judge
MIKE FAIN, Judge
 WILLIAM H. WOLFF, JR., Presiding Judge *Page 1