[Cite as *Bennett v. State Police*, 2018-Ohio-4567.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ALLEN BENNETT, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2018-T-0076** |
| OHIO STATE POLICE (TRUMBULL COUNTY SHERIFF), | : | |
| | : | |
| Respondent. | : | |
| | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Allen Bennett,* pro se, 633 Hoyt Street, S.W., Warren, OH 44485 (Relator).

*Dennis Watkins,* Trumbull County Prosecutor, and *Gabriel Wildman,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

PER CURIAM.

{¶1} Relator, Allen Bennett, has filed a petition for writ of mandamus requesting this court to issue an order enjoining respondent, the Ohio State Police, from requiring him to register as a reclassified sex offender.

{¶2} As an initial matter, there are several procedural deficiencies in relator's Petition. Pursuant to R.C. 2731.04, an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified

by affidavit." *Id.* The caption of relator's petition does not indicate that the request is made in the name of the state on the relation of Bennett. Instead, the petition was filed by Bennett in his individual capacity. "The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition." (Citation omitted.) *Snype v. Enlow,* 11th Dist. Portage No. 2011-P-0096, 2012-Ohio-1272, ¶4; *Hill v. Kelly,* 11th Dist. Trumbull No. 2011-T-0094, 2011-Ohio-6341, ¶5. Thus, dismissal is warranted on this ground alone.

{¶3} Even if we were to consider the merits of relator's petition, dismissal would be proper. "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding duty to perform that act; and (3) there is no other legal remedy that could be pursued to adequately resolve the matter." (Citation omitted.) *State ex rel. Sanders v. Enlow,* 11th Dist. Portage No. 2010-P-0022, 2010-Ohio-5053, ¶14.

{¶4} First of all, at the time the underlying petition was filed, relator was still incarcerated and, although he asserts he expected to be discharged in mid-September, he has failed to establish he has been actually released. In this respect, even if appellant may have a legitimate expectation in obtaining the relief, he has failed to prove he is entitled to the same.

{¶5} Moreover, it is unclear, and relator has failed to argue, let alone establish, how the Ohio State Police or the Ohio State Highway Patrol is the body with authority to reclassify him. Because he has failed to prove the respondent is the official who has a duty to act, he has failed to also establish it should be enjoined from so acting.

{¶6} Finally, to the extent appellant could establish he is entitled to the relief he seeks, the proper vehicle would be via declaratory action and prohibitory injunction. *See In re State ex re. Watkins*, 2d Dist. Greene No. 07-CA-80, 2008-Ohio-3877, ¶7 and 9 (The relator sought a writ of mandamus, ordering the Sheriff to remove him from the requirement to register as a sex offender because he completed his ten-year reporting period. The court held the real objects of the petition were declaratory and injunctive relief which are adequate remedies at law). Accordingly, if appellant's reclassification is unconstitutional, a motion for declaratory judgment would be the proper springboard to obtain the relief he seeks via the instant petition. The court in *Watkins* noted "a declaratory judgment action is proper in cases where a speedy resolution 'is necessary to preserve rights that may otherwise be impaired or lost.'" *Id.,* quoting *Freedom Road Foundation v. Ohio Dept. of Liquor Control*, 80 Ohio St.3d 202, 204 (1997).

{¶7} For the foregoing reasons, respondent's motion to dismiss relator's petition is granted.

CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., COLLEEN MARY O'TOOLE, J., concur.