**[Cite as *Bates v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-652.]**

| | |
|---|---|
| ROBERT L. BATES, JR. | Case No. 2021-00042JD |
| Plaintiff | Judge Patrick E. Sheeran<br>Magistrate Robert Van Schoyck |
| v. | |
| | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On November 23, 2021, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

*See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶3} Plaintiff, an inmate in the custody and control of defendant, brings this action alleging that on December 16, 2020, he was assigned to a cell at the Corrections Reception Center (CRC) where, several hours later, he "stepped on a rusty nail that was protruding from the floor". (Complaint, ¶ 2.) According to the complaint, plaintiff subsequently notified prison authorities about the object protruding from the floor and he reported the injury to a nurse who apparently arranged for him to receive a tetanus shot. The complaint provides that plaintiff was temporarily relocated to another cell and that when he returned the "nail was grinded back into the floor." (*Id.*)

{¶4} Plaintiff seeks monetary damages for his physical and emotional harm resulting from the injury, claiming that "Defendant was notified of the problem in advance and could have reasonably acted to prevent Plaintiff's injury." (*Id.* at ¶ 3.) More specifically, according to the complaint, when plaintiff initially entered the cell he "surveyed the cell and noticed the bed was unbolted" and the "officers who worked the unit was well aware that the cell plaintiff was assigned to had been in bad condition prior to putting plaintiff in there". (*Id.* at ¶ 2.)

{¶5} Plaintiff's complaint is construed as sounding in negligence. "To recover on a negligence claim, a plaintiff must prove by a preponderance of the evidence (1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury." *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP-357, 2006-Ohio-2531, ¶ 10.

{¶6} "Typically under Ohio law, premises liability is dependent upon the injured person's status as an invitee, licensee, or a trespasser. * * * However, with respect to custodial relationships between the state and its inmates, the state has a duty to exercise reasonable care to prevent prisoners in its custody from being injured by dangerous conditions about which the state knows or should know." *Cordell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 08AP-749, 2009-Ohio-1555, ¶ 6.

{¶7} "Although the state is not an insurer of the safety of its prisoners, once the state becomes aware of a dangerous condition in the prison, it is required to take the reasonable care necessary to make certain that the prisoner is not injured." *Barnett v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-1186, 2010-Ohio-4737, ¶ 23.

{¶8} It is plaintiff's burden to show that defendant had notice of the object protruding from the floor. *See Powers v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 03AP-504, 2003-Ohio-6566, ¶ 10, citing *Presley v. Norwood*, 36 Ohio St.2d 29, 31, 303 N.E.2d 81 (1973). "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-606, 2012-Ohio-1017, ¶ 9. "Actual notice is notice obtained by actual communication to a party." *Barnett* at ¶ 23. "Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-1052, 2010-Ohio-4736, ¶ 14.

{¶9} Defendant, in its motion for summary judgment, asserts that it did not have notice of the alleged hazard. In an affidavit submitted by defendant, CRC Warden's Assistant Charlsie Edmonson authenticates documentation of a grievance that plaintiff submitted after the incident which clarifies that the defect he allegedly stepped on was "the remnant of a previous bolt used to hold the bed to the floor." (Edmonson Affidavit, Exhibit A, p. 6.) Another document authenticated by Edmonson shows that the cell in question, where plaintiff was assigned on December 16, 2020, was known as cell C/03/1102/A. (*Id.* at p. 4.)

{¶10} Defendant also submitted an affidavit from CRC Unit Management Chief William Chilcote, who avers that every time an inmate is assigned to a new cell at CRC, a corrections officer or other staff member conducts an inspection "for the safety and

security of the inmate and CRC staff."  (Chilcote Affidavit, ¶ 3.)  Chilcote explains that "[w]hen damage to cells is found during these inspections, a work order is submitted to CRC maintenance so it can be fixed."  (*Id.* at ¶ 4.)  Chilcote adds, more generally, that "[i]f CRC staff members become aware of damage to an inmate's cell, they will submit a work order to maintenance to have the damage repaired."  (*Id.* at ¶ 5.)

{¶11} In another affidavit submitted by defendant, CRC Building Construction Superintendent Drew Nutter avers that his "duties include responding to maintenance work orders from unit staff."  (Nutter Affidavit, ¶ 2.)  Nutter states that, based upon his review of maintenance work order records from 2020, there was one work order for "cell 11 C3 1102" submitted before the alleged incident, being a May 28, 2020 work order stating that "the cell was missing a bed."  (*Id.* at ¶ 5.)  "The work to correct the problem was completed on June 1, 2020."  (*Id.*)  According to Nutter, the only other work orders submitted for the cell in 2020 were received after the alleged incident, concerning "a bolt sticking up from the floor where an old bed was bolted to the floor, the need to bolt the beds to the floor, and a leaky toilet."  (*Id.* at ¶ 6.)  "Those repairs were completed between December 24 and 30, 2020."  (*Id.*)  Finally, Nutter relates that "[n]o work orders for cell 11 C3 1102 were submitted for a bolt on the floor before December 16, 2020." (*Id.* at ¶ 7.)

{¶12} Taken together, the evidence put forth by defendant demonstrates that, according to prison policy, when plaintiff was assigned to the cell in question on December 16, 2020, a corrections officer or other employee would have inspected the cell and submitted a work order if any defect were identified, and, more generally, if any staff member at any time knew of any such defect they were required to submit a work order.  The evidence further demonstrates that there was no work order submitted for a bolt protruding from the floor prior to the alleged incident.

{¶13} "When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading,

but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue." *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996).

{¶14} As previously stated, plaintiff failed to file any response to defendant's motion for summary judgment. From the uncontroverted evidence submitted by defendant, the only reasonable conclusion that can be drawn is that defendant neither knew nor should have known of the alleged defect. Accordingly, reasonable minds can only conclude that plaintiff cannot prove that defendant breached its duty of reasonable care, as necessary to sustain a claim of negligence.

{¶15} Because defendant's lack of notice of the alleged defect is dispositive of plaintiff's claim, the court shall not address defendant's alternative argument that the defect was an open and obvious hazard for which defendant owed no duty.

{¶16} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed January 12, 2022**
**Sent to S.C. Reporter 3/7/22**